UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS SANCHEZ-GARCIA,

               Plaintiff,

-against-

NY DMV,

               Defendant.

25-CV-5725 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, invokes the court's federal question jurisdiction, alleging that Defendant violated his rights. He sues "NY DMV," which the Court understands to be the New York State Department of Motor Vehicles ("DMV"). By order dated September 4, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who resides in South Hackensack, New Jersey, brings his claims using the court's general complaint form. He checks the box on the form to invoke the court's federal question jurisdiction. In response to the question asking which of his federal constitutional or federal statutory rights were violated, Plaintiff writes, "Deprived of a property interest[.] [N]egligence on DMV for allowing stolen car to be legally registered. How was he able to register a stolen car[?]" (ECF 1, at 2.)

The following facts are drawn from the complaint.[1] Plaintiff was contacted by an individual named Shaki Brunson "to do a car trade at which he provided a NY title which matched the VIN number on the car and DMV website." (*Id.* at 5.) This led Plaintiff to believe that "everything was legit but [he] was wrong because DMV had allowed a criminal to register the car in his name." (*Id.*) Plaintiff alleges that the New Jersey DMV[2] "uncovered this fraud that NY DMV allowed and seized the car." (*Id.*)

Plaintiff "went after the seller" but the police "informed [Plaintiff of what] he does for a living and NY DMV encou[ra]ges him." (*Id.*)

Plaintiff seeks $20,000 in damages or the return of his car.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] The Court understands this to be a referenced to the New Jersey Motor Vehicle Commission.

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

A.     **Federal question jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff invokes the court's federal question jurisdiction, but his allegations – that the New York DMV allowed another individual to register a stolen car that was subsequently sold to Plaintiff – do not suggest viable claim under any federal law.[3] The Court therefore lacks federal question jurisdiction of Plaintiff's claims.

---

[3] Moreover, to the extent Plaintiff is attempting to assert federal constitutional claims against the DMV, those claims are barred by the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*; *see Feingold v. State of New York*, 366 F.3d 138, 149 (2d Cir. 2004) (holding that the plaintiff's Section 1983 claim against the DMV was "barred by the Eleventh Amendment because the DMV is a state agency").

**B.    Diversity of citizenship jurisdiction**

To the extent Plaintiff is attempting to assert claims under state law, he must do so under the court's diversity of citizenship jurisdiction. However, Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Plaintiff alleges that he is a resident of the State of New Jersey, and the New York DMV, to the extent it can be sued, is considered a citizen of the State of New York. Plaintiff has therefore demonstrated complete diversity of citizenship. However, Plaintiff seeks only $20,000 in damages, far below the $75,000 jurisdiction threshold necessary to establish diversity jurisdiction. The Court therefore lacks diversity of citizenship jurisdiction to consider any state law claims Plaintiff may be asserting.

**C.    Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff alleges no facts suggesting that a viable federal claim or that any state law claims are worth more than the $75,000 minimum to establish diversity jurisdiction, the Court finds that the defects in Plaintiff's complaint cannot be cured with an amendment, and declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Nothing in this order limits Plaintiff's right to seek any relief to which he may be entitled in state court.

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: September 16, 2025
New York, New York

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.